```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

CHIQUITA MARSHALL, *
*next friend of*, Z.R.,
                                *
    Plaintiff,
                                *
vs.                                      CASE NO. 4:25-cv-178 (CDL)
                                *
COLUMBUS CONSOLIDATED
GOVERNMENT, *et al.*,           *

    Defendants.                 *

## O R D E R

Chiquita Marshall, on behalf of herself and Z.R., filed a 124-page complaint against the Columbus Consolidated Government, the Georgia Department of Human Services, multiple medical facilities and medical professionals, several employees of these entities, and some of her relatives. Marshall later filed an amended complaint that added hundreds of numbered paragraphs and several exhibits. Marshall's amended complaint has more than 880 paragraphs and spans over 200 pages. Two of the Defendants, Johnny Bonner and Rashanda Lawrence, filed motions to dismiss in part because Marshall's amended complaint is an impermissible shotgun pleading. As discussed below, both motions (ECF Nos. 50 & 56) are granted to the extent that the Court strikes Marshall's Amended Complaint (ECF No. 23) as an impermissible shotgun pleading but grants Marshall one chance to remedy the deficiencies.

DISCUSSION

The rules for pleading in federal court apply to all litigants in federal court, including pro se plaintiffs like Marshall. Federal Rule of Civil Procedure 8(a)(2) states that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires a party to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Furthermore, if it "would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

The point of these rules is to require a "pleader to present his claims discretely and succinctly, so that[] his adversary can discern what he is claiming and frame a responsive pleading." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (alteration in original) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). The rules also exist so that the Court can determine "which facts support which claims" and "whether the plaintiff has stated any claims upon which relief can be granted." *Id.* (quoting *Weiland*, 792 F.3d at 1320).

The Court may dismiss a complaint as a shotgun pleading if it violates Rule 8(a)(2) or Rule 10(b). *Id.* There are several types of shotgun pleadings, including a complaint that contains

2

"multiple counts where each count adopts the allegations of all preceding counts," a complaint that "is 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action,'" and a complaint asserting "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1324-25 (quoting *Weiland*, 792 F.3d at 1322-23). Shotgun pleadings are forbidden because they result in confusion to the opposing parties and the Court, plus they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* at 1324 (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)).

Here, Marshall's amended complaint violates Rule 8(a)(2) because it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Marshall's amended complaint also violates Rule 10(b) because each numbered paragraph is not limited to a single set of circumstances. Furthermore, the amended complaint does not separate into discrete counts the claims based on the separate transactions and occurrences. Instead, Marshall's 884-paragraph amended complaint incorporates all of the preceding paragraphs into each cause of action. The amended complaint is also full of opinions disguised

3

as facts, as well as vague, conclusory, and confusing facts that are not obviously connected to the claims Marshall is trying to assert. Without spending an inordinate amount of time sifting through the amended complaint, the Court cannot understand what specific allegations and events give rise to the specific claims Marshall asserts against each Defendant. The Court also cannot comprehend which claims Marshall is asserting on behalf of herself and which claims she is asserting on behalf of Z.R. For all these reasons, the Court grants both Bonner's and Lawrence's motions to dismiss (ECF Nos. 50 & 56) to the extent that it strikes the Amended Complaint (ECF No. 23) as an impermissible shotgun pleading.

The Court recognizes that if it strikes a complaint as an impermissible shotgun pleading, the Court should give the plaintiff one opportunity to file an amended complaint that complies with the rules. *See Vibe Micro, Inc.*, 878 F.3d at 1295. Accordingly, the Court grants Marshall <u>one chance</u> to file an amended complaint that complies with the rules. The amended complaint shall include (1) a coherent recitation of the facts that includes what happened, when it happened, where it happened, and who did what, (2) what claims Marshall is asserting on behalf of herself, (3) what claims Marshall is asserting on behalf of Z.R., (4) what claims are asserted against each defendant, (5) which factual allegations form the basis of each claim against

4

each defendant, and (6) the legal theory upon which Marshall asserts liability against each defendant. The amended complaint is due by December 30, 2025. If Marshall files an amended complaint that does not comply with this order and the Federal Rules of Civil Procedure, the Court will dismiss this action.[1]

CONCLUSION

As discussed above, the Court grants Bonner's and Lawrence's motions to dismiss (ECF Nos. 50 & 56) to the extent that it strikes the Amended Complaint (ECF No. 23) as an impermissible shotgun pleading but permits Marshall to file an amended complaint by December 30, 2025. All other pending motions are terminated as moot.

IT IS SO ORDERED, this 10th day of December, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] Because these deficiencies apply to the entire complaint and not just the claims against the Defendants who have formally moved to dismiss it, failure to remedy the deficiencies will result in a dismissal of the complaint in its entirety, including claims against all parties named in the complaint whether they have filed a motion to dismiss or not.