IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CHIQUITA MARSHALL,          *
*next friend of*, Z.R.,

                                   *

    Plaintiff,

                                   *

vs.                                     CASE NO. 4:25-cv-178 (CDL)

                                   *

COLUMBUS CONSOLIDATED
GOVERNMENT, *et al.*,          *

    Defendants.          *

---

## O R D E R

The Court previously struck Plaintiff Chiquita Marshall's amended complaint as an impermissible shotgun pleading because it (1) failed to contain a short and plain statement of the claim showing that Marshall is entitled to relief, (2) failed to limit each numbered paragraph to a single set of circumstances, (3) improperly incorporated all preceding paragraphs into each cause of action, (4) was filled with vague, immaterial, and confusing facts that were not obviously connected to the claims asserted, and (5) failed to distinguish between which claims Marshall was asserting on behalf of herself and which claims she was asserting on behalf of Z.R.  Order 3-4, (Dec. 10, 2025), ECF No. 89.

The Court gave Marshall one chance to file another amended complaint that complies with the federal rules.  *Id.* at 4. The Court stated that the "amended complaint shall include (1) a

coherent recitation of the facts that includes what happened, when it happened, where it happened, and who did what, (2) what claims Marshall is asserting on behalf of herself, (3) what claims Marshall is asserting on behalf of Z.R., (4) what claims are asserted against each defendant, (5) which factual allegations form the basis of each claim against each defendant, and (6) the legal theory upon which Marshall asserts liability against each defendant." *Id.* at 4-5. The Court warned that if Marshall filed an amended complaint that did not comply with its Order and the Federal Rules of Civil Procedure, the Court would dismiss this action. *Id.* at 5.

Marshall filed her second amended complaint on January 7, 2026. The second amended complaint contains 827 numbered paragraphs and spans 138 pages. All Defendants moved to dismiss, asserting that Marshall's second amended complaint violates the Court's prior order and the applicable rules. The Court agrees. The second amended complaint still violates Rule 8(a)(2) because it fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." It does not include a coherent recitation of facts detailing what happened, when it happened, where it happened, and who did what. Instead, it remains "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," as well as opinions disguised as facts. *Barmapov v. Amuial*, 986 F.3d

1321, 1325 (11th Cir. 2021)(quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015)).   For these reasons, the second amended complaint does not cure the deficiencies in the first amended complaint.   The Court thus grants all Defendants' motions to dismiss (ECF No. 96, 97, 98, 101, 102, 103, and 104).

IT IS SO ORDERED, this 10th day of April, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA